**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RALPH W. MCCLAIN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 09-691 |
| | ) | |
| v. | ) | Judge Lancaster |
| | ) | Magistrate Judge Bissoon |
| VICTORIA L. KORMANIC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM ORDER

Ralph W. McClain, Jr.'s civil rights complaint was received by the Clerk of Court on June 2, 2009, and was referred to United States Magistrate Judge Cathy S. Bissoon for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

Plaintiff filed a petition to proceed *in forma pauperis*, but failed to sign an authorization permitting the institutional account officer to deduct an initial partial payment of the filing fee. The court dismissed the case on August 20, 2009, without prejudice to Plaintiff's right to re-file the action upon payment of the filing fee (Doc. 7). Plaintiff has now filed a motion for relief from judgment (Doc. 8) asserting that he sent in an authorization on July 19, 2009. The Court has not, in fact, received an authorization from Plaintiff.

A motion filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is "addressed to the sound discretion of the

trial court guided by accepted legal principles applied in light of all the relevant circumstances." <u>Ross v. Meagan</u>, 638 F.2d 646, 648 (3d Cir.1981). Rule 60(b), however, "does not confer upon the district courts a 'standardless residual of discretionary power to set aside judgments.'" <u>Moolenaar v. Government of the Virgin Islands</u>, 822 F.2d 1342, 1346 (3d Cir.1987). "The remedy provided by Rule 60(b) is 'extraordinary, and [only] special circumstances may justify granting relief under it.'" <u>Id</u>., 822 F.2d at 1346 (citations omitted).

To the extent a moving party seeks to relitigate the court's prior conclusions, Rule 60(b) is not an appropriate vehicle. "[C]ourts must be guided by 'the well established principle that a motion under Rule 60(b) may not be used as a substitute for appeal.' It follows therefore that it is improper to grant relief under Rule 60(b)(6) if the aggrieved party could have reasonably sought the same relief by means of appeal." <u>Martinez-McBean v. Government of Virgin Islands</u>, 562 F.2d 908, 911 (3d Cir.1977) (citations omitted).

Here, McClain wishes the Court to review its conclusion that he failed to submit an authorization for payments to be made from his prisoner account. The docket in this case reflects that no such authorization was filed. McClain has not made a showing of a right to relief under Rule 60(b).

AND NOW, this ____17____ day of September, 2009,

IT IS HEREBY ORDERED that the Petitioner's "Motion to overcome adverse Order" which is in effect a motion seeking relief pursuant to Fed.R.Civ.P. 60(b) (Doc. *8* ) is DENIED.

Gary L. Lancaster
U.S. District Court Judge

cc:
RALPH W. MCCLAIN, JR.
EX7008
SCI Pittsburgh
PO Box 99991
Pittsburgh, PA 15233

-3-